UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| COSMO CAMPODONICO,<br><br>        **Plaintiff,**<br><br>   *- against –*<br><br>WAL-MART STORES EAST, LP, et al.,<br><br>        **Defendants.** | 18 CV 8606 (LMS)<br><br><u>ORDER</u> |

**THE HONORABLE LISA MARGARET SMITH, U.S.M.J.**[1]

  Currently before the Court is Defendants' motion in limine (ECF No. 32) seeking the Court's ruling on the admissibility of certain business records. These records are (1) a Claims Run, noting "all claims involving a bicycle purchased from the Walmart store located at 250 Route 59, Suffern, New York" for the period August 22, 2016, through February 23, 2017, and (2) a Lawsuit Run, noting "any lawsuits filed [for the years 2016 through 2019] arising out of the assembly of a bicycle sold at any New York Walmart store." ECF No. 32 at 2. Defendants argue that these documents are admissible under Federal Rules of Evidence 803(6) (the business records exception) and 902(11) ("certified domestic record of a regularly conducted activity").

  Although the certification attached to Defendants' motion as Exhibit A appears to satisfy Federal Rule of Evidence 902(11), thereby incorporating Federal Rule of Evidence 803(6), allowing the Claims Run and Lawsuit Run in as evidence would not address issues such as: whether a repair was made on a bicycle in the absence of a complaint; whether a repair was made as a result of a customer bringing an issue to an employee's attention without a complaint;

---

[1] The parties consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c) on January 23, 2020. ECF No. 23.

whether there was a subsequent purchase of the bicycle in question with no subsequent complaint; or whether the bicycle, once purchased, was returned to the particular Walmart store or some other Walmart location with or without giving a reason for the return. These considerations, however, go to the weight of the evidence and not to its admissibility. Instead, the Court declines to grant Defendants' motion under Federal Rule of Evidence 403. The probative value of the evidence is substantially outweighed by the danger of unfair prejudice because of the issues already mentioned and the risk of misleading the jury, because it is all too easy for the jury to consider this as propensity evidence.

For the foregoing reasons, Defendants' motion in limine is **DENIED**. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 32.

Dated: July 27, 2020
       White Plains, New York

**SO ORDERED,**

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

2