UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

COSMO CAMPODONICO,

                          Plaintiff,              **ORDER**

             -against-                            18-cv-8606 (AEK)

WAL-MART STORES EAST, LP and
WALMART INC.,

                          Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

On July 1, 2020, defendants Wal-Mart Stores East, LP and Walmart Inc. ("Defendants")

filed a motion *in limine* seeking a ruling in advance of trial concerning the admissibility of

certain business records pursuant to Rules 803(6) and 902(11) of the Federal Rules of Evidence.

ECF Nos. 32, 34.  Plaintiff Cosmo Campodonico ("Plaintiff") opposed that motion on July 8,

2020.  ECF No. 33.  In an order dated July 27, 2020, Magistrate Judge Lisa Margaret Smith

denied Defendants' motion *in limine* by invoking Rule 403 of the Federal Rules of Evidence and

finding that "[t]he probative value of the evidence is substantially outweighed by the danger of

unfair prejudice because of the issues already mentioned [in the order] and the risk of misleading

the jury, because it is all too easy for the jury to consider this as propensity evidence."

ECF No. 35 at 2.

Following Magistrate Judge Smith's retirement, this case was reassigned to the

undersigned on October 15, 2020.  In subsequent proceedings, Defendants have effectively

sought reconsideration of Magistrate Judge Smith's decision on the motion *in limine*.

Defendants have suggested that any concerns about unfair prejudice could be ameliorated by

having a corporate representative of the Defendants testify in person regarding the records in

question so that Plaintiff would have an opportunity to elicit testimony to address, among other

things, the concerns identified by Magistrate Judge Smith in her July 27, 2020 decision.

 This Court finds no basis to disturb Magistrate Judge Smith's prior ruling on the

admissibility of these records, and the Court is not persuaded that having a witness testify about

the records does anything to change the analysis.  Defendants seek to introduce the "Claims

Run" and "Lawsuit Run" documents to support the theory that there was never any bicycle at the

Suffern, New York Walmart store that had the brake defect that Plaintiff alleges led to his

accident and injuries.  *See* ECF No. 34 at 1-2.  From Defendants' perspective, the absence of any

subsequent customer injury claims regarding bicycles purchased from the Suffern store, or any

lawsuits arising out of the assembly of a bicycle sold at any New York Walmart store, should be

admissible as evidence that the allegedly defective bicycle never existed at all.  But as Magistrate

Judge Smith noted, there are numerous other potential explanations for why a defective bicycle

could have existed and been used by Plaintiff but would never have generated any further claims

or lawsuits against Walmart.  *See* ECF No. 35.  If anything, calling a witness to testify about

these documents and their potential significance would only amplify the confusion that these

documents would introduce into this case—the witness inevitably would be forced to confront

speculative question after speculative question, and there would be no logical or rational way for

jurors to assess which of the speculative theories was more likely to be true.

 At most, the "Claims Run" and "Lawsuit Run," and any potential witness testimony

about those documents, are marginally relevant to the issues in the case.  Rule 403 of the Federal

Rules of Evidence makes clear, however, that "[t]he court may exclude relevant evidence if its

probative value is substantially outweighed by a danger of one or more of the following: unfair

prejudice, confusing the issues, [or] misleading the jury . . . ."  All three of these dangers exist

here.  Defendants maintain that they are not seeking to introduce this evidence to highlight a longstanding lack of bicycle-related complaints at the Suffern store or a pattern of non-actionable conduct regarding bicycle assembly by Walmart stores throughout New York.  *See* ECF No. 34 at 2.  Yet there is a substantial risk of unfair prejudice to the Plaintiff and of misleading the jury because of the very real possibility that jurors could interpret this evidence as generalized proof of non-negligent behavior by Walmart without appropriate connection to the allegations and circumstances of this particular case.  Similarly, the inevitable introduction of multiple layers of speculative testimony—speculation on behalf of Defendants as to the significance of the documents, and speculation elicited by Plaintiff about the reasons why the documents may not be significant—carries a substantial risk of confusing what should be the relatively straightforward issues in this matter.  *See In Re: General Motors LLC*, No. 14-MD-2543 (JMF), 2015 WL 8578945, at *7 (S.D.N.Y. Dec. 9, 2015) (excluding evidence pursuant to Rule 403 based on "the dangers of unfair prejudice, misleading and confusing the jury, and wasting time" because "[t]he evidence could easily lead the jury to speculate – with no evidentiary basis – about whether the medication impaired [p]laintiff's driving abilities" in a case involving an automobile accident); *cf. Nook v. Long Island R. Co.*, 190 F. Supp. 2d 639, 643 (S.D.N.Y. 2002) (precluding expert opinion pursuant to Rule 403 because it was "based on assumptions and speculation," and therefore "its probative value [was] substantially outweighed by its potential for unfair prejudice, confusion of the issues and misleading the jury").  The introduction of this evidence would create a sideshow involving documents that are susceptible to many different reasonable interpretations, and would force jurors to focus significant time and attention on the credibility of a witness who has no firsthand knowledge of any of the events in question in this particular alleged accident.

Accordingly, Defendants' request that the Court reconsider Magistrate Judge Smith's prior ruling on the admissibility of the "Claims Run" and the "Lawsuit Run," or alternatively that Defendants be able to cure the concerns identified by Magistrate Judge Smith by presenting witness testimony regarding those documents, is DENIED.

Dated:  March 2, 2022
      White Plains, New York

**SO ORDERED.**

_____

ANDREW E. KRAUSE
United States Magistrate Judge